CASE 52—APPEAL FROM COURT OF CLAIMS—SEPTEMBER 23.

# Bullitt County Court vs. Troutman.

### APPEAL FROM BULLITT CIRCUIT COURT.

1. Runaway slaves were arrested and confined under statutory provisions for the benefit of the owners.
2. If the sale of a runaway slave did not yield an amount sufficient to pay all costs and charges for his apprehension and confinement, the county is not liable for the deficit.

JOHN D. BRYAN,                     For Appellant,
CITED—
    2 *M. & B.'s Digest,* sec. 1, *p.* 1411.
    *Revised Statutes,* secs. 2, 4, 5, 6, 2 *Stanton,* 372–3.
    *Myer's Supplement,* sec. 7, *p.* 494, and sec. 1, *p.* 756.

—— MEYLER and
A. H. FIELD                          For Appellee.
CITED—
    *Act of March* 7, 1867, *Session Acts, p.* 74.
    *Revised Statutes,* 1 *Stanton, pp.* 243 *and* 301.

Bullitt County Court vs. Troutman.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The statutory provisions for apprehending, keeping, and selling runaway slaves were enacted for the security of the owners—and the services of the apprehender, the committing justice, and the jailer, are not rendered for the Commonwealth, the county of arrest or confinement, but for the owner's benefit; and, consequently, if a sale of the slave shall not yield an amount sufficient to pay all incidental costs and charges, the county is not liable for the deficit. There is neither law nor reason for imposing such a burden on any one county.

In this case, two runaway slaves were held in custody by the jailer in Bullitt county, until, according to the statute, they were publicly sold; and the proceeds, when distributed, leaving a balance of $128 of the jailer's fees unpaid, he moved the court of claims of Bullitt to allow his claim, and levy the amount on the county, which it refused to do; and, on an appeal to the circuit court, the court of claims was ordered to make the levy.

That judgment is erroneous, and therefore reversed, and the cause remanded, with instructions to dismiss the appeal.